# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS WACO DIVISION

| | |
|---|---|
| M4SIZ LIMITED, | |
| Plaintiff, | Civil Action No. 6:22-cv-00731 |
| v. | The Honorable Alan D. Albright |
| POLO RALPH LAUREN CORPORATION, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff M4siz Limited ("M4siz" or "Plaintiff"), files this Complaint for Patent Infringement against Polo Ralph Lauren Corporation ("Ralph Lauren" or "Defendant"), and would respectfully show the Court as follows:

## PARTIES

1. Plaintiff is a Private Limited Company registered in England with its principal place of business located at Hallmark House, 25 Downham Rd, Ramsden Heath, Billericay CM11 1PU, United Kingdom.

2. On information and belief, Defendant is a Delaware corporation with a principal address of 650 Madison Avenue, New York, New York 10022, and has regular and established places of business throughout this District, including at least at 4401 N. Interstate Highway 35 Round Rock, Texas 78664. Defendant is registered to do business in Texas and may be served via its registered agent at Prentice Hall Corporation System, located at 400 N. St. Paul Street, Dallas, Texas 75201.

3. On information and belief, Defendant directly and/or indirectly develops, designs,

manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the Western District of Texas, and otherwise directs infringing activities to this District in connection with its products and services.

## JURISDICTION

4. This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285 based on Defendant's unauthorized commercial manufacture, use, importation, offer for sale, and sale of the Accused Products in the United States. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

5. This United States District Court for the Western District of Texas has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within the District giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of Texas.

6. Plaintiff's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of Texas.

7. Defendant has committed acts of infringing the patent-in-suit within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products claimed by the patent-in-suit, including without limitation products made by practicing the claimed methods of the patent-in-suit. Defendant, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products into this District and the State of Texas. Defendant regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services

provided to residents of this District and the State of Texas.

8. This Court has personal jurisdiction over Defendant pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq*. Personal jurisdiction exists over Defendant because Defendant has minimum contacts with this forum as a result of business regularly conducted within the State of Texas and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Texas and this District. This Court has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in this District, including by providing infringing products and services to the residents of the Western District of Texas that Defendant knew would be used within this District, and by soliciting business from the residents of the Western District of Texas. For example, Defendant is subject to personal jurisdiction in this Court because, *inter alia*, Defendant has regular and established places of business throughout this District, including at least at 4401 N. Interstate Highway 35 Round Rock, Texas 78664, and directly and through agents regularly does, solicits, and transacts business in the Western District of Texas. Also, Defendant has hired and is hiring within this District for positions that, on information and belief, relate to infringement of the patent-in-suit. Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful minimum contacts with the State of Texas.

9. This Court also has personal jurisdiction over Defendant, because in addition to Defendant's own online website and advertising within this District, Defendant has also made its products available within this judicial district and advertised to residents within the District to hire employees to be located in this District.

10. The amount in controversy exceeds $75,000 exclusive of interests and costs.

11. Venue is proper in this Court under 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference. Further, upon information and belief, Defendant has committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District. In addition, and without limitation, Defendant has regular and established places of business throughout this District, including at least at 4401 N. Interstate Highway 35 Round Rock, Texas 78664.

## THE PATENT-IN-SUIT

12. On October 11, 2016, United States Patent No. 6,526,402 ("the '402 patent"), entitled "Searching procedures" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). On May 14, 2007, the '402 patent was duly and lawfully conveyed to M4siz Limited, including all rights, title, and interest in and to the invention of the '402 patent and its underlying patent applications, including the right to sue and recover for patent infringements, by written assignments recorded on May 28, 2010 in the United States Patent and Trademark Office. The '402 patent claims patent-eligible subject matter and is valid and enforceable. M4siz is the exclusive owner by assignment of all rights, title, and interest in the '402 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '402 Patent. Defendant is not licensed to the '402 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '402 patent whatsoever. A true and correct copy of the '402 patent is attached hereto as **Exhibit A**.

13. The '402 patent is referred to herein as the "patent-in-suit."

14. Plaintiff M4siz is the owner of the entire right, title, and interest in and to the

patent- in-suit. The patent-in-suit is presumed valid under 35 U.S.C. § 282.

## ACCUSED INSTRUMENTALITIES

15.     The term "Accused Instrumentalities" or "Accused Products" refers to, by way of example and without limitation, Ralph Lauren-branded websites (*see, e.g.*, https://www.ralphlauren.com).

## COUNT I
## PATENT INFRINGEMENT OF THE '402 PATENT

16.     Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

17.     Defendant has, under 35 U.S.C. §271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '402 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

18.     Defendant also indirectly infringed the '402 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b). Defendant has actively aided, abetted and induced others to directly infringe at least one claim of the '402 patent (such as its customers in this District and throughout the United States). Defendant has contributorily infringed because it supplied a material part of an infringing method and/or system, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use. Defendant contributed to its customers' infringement because Defendant supplied the technology that allowed its customers to infringe the patent.

19.     Defendant provided information and technical support to its customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Defendant's Accused Products (which are acts

of direct infringement of the '402 patent).

20. On information and belief, Defendant has made no attempt to design around the claims of the '402 patent.

21. On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '402 patent were invalid.

22. On information and belief, Defendant's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

23. M4siz has been damaged as the result of Defendant's infringement.

24. Defendant has caused M4siz damage by infringing one or more claims of the '402 patent.

25. The claim chart attached hereto as **Exhibit B** describes how the elements of an exemplary claim 1 from the '402 patent are infringed by the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim. Plaintiff reserves its right to amend and fully provide its infringement arguments and evidence thereof until its Preliminary and Final Infringement Contentions are later produced according to the court's scheduling order in this case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff M4siz respectfully requests the following relief:

A. A judgment that Defendant has directly infringed either literally and/or under the doctrine of equivalents the patent-in-suit;

B. A judgment that Defendant has induced infringement of the patent-in-suit;

C. A judgment that Defendant has contributorily infringed the patent-in-suit;

D. A judgment and order requiring Defendant to pay Plaintiff damages under 35 U.S.C. § 284 including past damages based on, *inter alia*, any necessary compliance with 35 U.S.C. §287and supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed;

E. A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and Plaintiff is therefore entitled to reasonable attorneys' fees;

F. A judgment and order requiring Defendant to pay Plaintiff pre-judgment and post- judgment interest on the damages awarded;

G. A judgment and order awarding Plaintiff costs associated with bringing this action; and

H. Such other and further relief as the Court deems just and equitable.

## JURY TRIAL DEMANDED

Pursuant to FED. R. CIV. P. 38, Plaintiff M4siz hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**Ramey LLP**

William P. Ramey, III
Texas State Bar No. 24027643
Jeffrey Kubiak
Texas State Bar No. 24028470
5020 Montrose Blvd., Suite 800
Houston, Texas 77006

(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com
jkubiak@rameyfirm.com

***Attorneys for M4siz Limited***